■ STANLEY ELIE, Respondent, v ST. BARNABAS HOSPITAL, Appellant. ALLISON SPARKS, JR., Respondent, v ST. BARNABAS HOSPITAL, Appellant. ANDRASAN SCOTT, Respondent, v ST. BARNABAS HOSPITAL, Appellant, et al., Defendant. JOSEPH KENNEDY, Respondent, v ST. BARNABAS HOSPITAL, Appellant. MICHAEL ANCRUM, Respondent, v ST. BARNABAS HOSPITAL, Appellant. [724 NYS2d 749] —Order, Supreme Court, Bronx County (George Friedman, J.), entered December 12, 2000 (Elie); order, same court (Michael DeMarco, J.), entered on or about January 22, 2001 (Sparks); order, same court (Jerry Crispino, J.), entered September 8, 2000 (Scott); order, same court (Michael DeMarco, J.), entered October 16, 2000 (Kennedy); and order, same court (George Friedman, J.), entered January 24, 2001 (Ancrum), which, to the extent appealed from as limited by the briefs, denied the motions of defendant St. Barnabas Hospital to dismiss the complaints as against it in the aforementioned actions, unanimously affirmed, without costs.

In these consolidated appeals, defendant St. Barnabas Hospital challenges the denial by various IAS courts of its motions to dismiss plaintiffs' separate claims for negligence and violation of their constitutionally protected civil rights under

42 USC § 1983. In each of their actions, plaintiffs allege that defendant, having contracted with the New York City Health and Hospitals Corporation to provide health services at several facilities owned and/or operated by the City's Department of Correction, among them Rikers Island Jail, undertook to furnish each plaintiff, while incarcerated at Rikers Island, medical care and treatment for which St. Barnabas was to be compensated according to a capitation formula; that defendant, through its agents and/or employees did, in fact, supply such treatment but by reason of its alleged institutional policy of discouraging resort to more costly treatments ultimately delivered negligent treatment, causing serious and/or permanent injury to the individual plaintiffs. These allegations viewed as they must be on a CPLR 3211 motion to dismiss, in the light most favorable to the non-moving party (*Leon v Martinez*, 84 NY2d 83, 87-88; *Wiener v Lazard Freres & Co.*, 241 AD2d 114, 120), adequately state a cause of action for negligence against St. Barnabas in each of the five complaints under review.

The second cause of action in each of the complaints at bar, predicated upon 42 USC § 1983, alleges that St. Barnabas violated plaintiffs' constitutionally protected civil rights while acting under the color of State and City law. It is alleged in this connection that, pursuant to a contract to supply medical services at certain correctional facilities, including Rikers Island, St. Barnabas undertook to provide all necessary medical care to inmates in need of medical attention; that since the contract's inception on January 1, 1998, defendant has operated an infirmary at Rikers Island, the purpose of which is the care of sick and ailing inmates and that defendant, in derogation of its duty to supply necessary medical care to each prisoner under its care, instituted and maintained a policy that actively discouraged its health care professionals from referring inmate-patients for required off-site medical attention, including hospitalizations; that health care professionals employed by defendant were, since January 1, 1998, purportedly prohibited, through threats of termination, loss of overtime, transfer to undesirable work assignments and/or other punitive measures, from utilizing their best judgment in determining whether to refer inmate-patients for off-site medical care, and that the clinics operated by St. Barnabas at the various correctional facilities were not fully staffed with competent and properly trained personnel, and were not fully supplied with necessary medical equipment and medications. Plaintiffs further allege that St. Barnabas's primary object in allocating medical resources in the manner complained of was

to maximize its profit, even if the medical needs of inmates as a consequence went unmet, and that such conduct by a State and City retained health contractor, manifested deliberate indifference to serious health needs of incarcerated persons, including the individual plaintiffs, and was thus violative of the Eighth and Fourteenth Amendments of the United States Constitution.

Defendant maintains that the complaints simply assert broad and conclusory statements of civil rights violations on the part of St. Barnabas and, therefore, do not satisfy the pleading requirements for a claim pursuant to 42 USC § 1983. However, while "[i]t is well established that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States" (*Dwares v City of New York*, 985 F2d 94, 98), and that when a 42 USC § 1983 cause of action is premised on the purported denial of necessary medical care, the plaintiff must show that she "had a 'serious medical condition' and that it was met with 'deliberate indifference' " (*Cuoco v Moritsugu*, 222 F3d 99, 106), and that "[a] cause of action under 42 USC § 1983 * * * must be pleaded with specific allegations of fact" (*Pang Hung Leung v City of New York*, 216 AD2d 10, 11), plaintiffs have sufficiently alleged claims for violations of their civil rights. They have adequately alleged in each case that serious medical needs went unmet by reason of culpable, deliberately indifferent conduct by St. Barnabas.

Finally, there is no merit to defendant's contention that it is entitled to qualified immunity, which ordinarily attaches only when a governmental official is "performing a discretionary function" (*Liu v New York City Police Dept.*, 216 AD2d 67, 68, *lv denied* 87 NY2d 802, *cert denied* 517 US 1167; *see also, Richardson v McKnight*, 521 US 399, 406). St. Barnabas, a private health care provider, having undertaken to provide necessary medical care to incarcerated persons, had no discretion to deny such care by means of institutional policies manifesting deliberate indifference to those persons' serious health needs (*see, Hinson v Edmond*, 192 F3d 1342). We stress that plaintiffs' 42 USC § 1983 causes do not seek to impose liability merely for the negligent exercise of professional medical judgment, but rather for St. Barnabas's alleged implementation of policies that are claimed to have palpably and deliberately interfered with the exercise of sound professional judg-

ment by physicians and other health care workers in its employ, with conscious disregard for the resulting substantial risk of serious health consequences for the incarcerated individuals whose medical needs St. Barnabas had undertaken to meet.

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Buckley, JJ.