**Eddie James LEE, Plaintiff–Appellant,**

v.

**Mr. MACKAY, Correctional Officer, Defendant–Appellee,**

**Eliot SPITZER, Attorney General, Defendant.**

**Docket No. 01–0065.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2002.

Eddie James Lee, Moravia, NY, pro se.

Present POOLER, SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff Eddie James Lee, an inmate at Cayuga Correctional Facility, appeals the March 14, 2001, judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y. R. 5.4(a) for failure to state a claim upon which relief may be granted. Defendants never received service of a complaint in this lawsuit and did not appear below or on appeal. In his amended complaint and on appeal, Lee contends that he suffered violations of his Eighth and Fourteenth Amendment rights when Correctional Officer Mackay on three occasions delivered Lee's evening meal to him approximately one hour late and made racial remarks towards him. Our review of the district court's dismissal is *de novo. Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

Lee's allegations fail to state a claim of an Eighth Amendment violation because he challenges only the manner in which defendant served his food and provides no allegations or evidence that the food he received one hour late was somehow tainted or inadequate. *See Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983) (per curiam). Lee failed to allege more than a de minimis injury, warranting dismissal of his complaint. See *Gibeau v. Nellis,* 18 F.3d 107, 110 (2d Cir.1994). In addition, Lee's allegation that Mackay made racial remarks does not state a claim under the Fourteenth Amendment. *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir.1986) (per curiam). Lee fails to state a Fourteenth Amendment due process claim because he does not allege or suggest that Mackay acted in retaliation for Lee's prior conduct, and Lee makes no cognizable

equal protection claim from an allegation of racial comments alone.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.