■ ALBERT RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [929 NYS2d 212]—

The complaint alleges that plaintiff slipped and fell on a wet floor at the Anna M. Kross Center correctional facility on Rikers Island, where he was incarcerated. Plaintiff also alleges that the dangerous condition that led to his accident was caused by defendants' "protracted" failure to repair leaks in the roof, ceiling, and pipes of the Center, and that defendant Valerie Oliver, the Warden of the Center, knew about the leaks but failed to address them. Plaintiff claims that defendants were deliberately indifferent to these "conditions of confinement which imposed a substantial risk of serious injury to plaintiff." Moreover, plaintiff alleges, defendants failed to provide him with immediate medical attention after he slipped and fell, thereby causing him additional pain and suffering. As a result, plaintiff claims, defendants violated his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution.

The motion court correctly found that plaintiff fails to state a cause of action under 42 USC § 1983, which provides a civil claim for damages against a person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution (see Gomez v Toledo, 446 US 635, 638 [1980]). "[T]o state a civil rights claim under [section] 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights" (Alfaro Motors, Inc. v Ward, 814 F2d 883, 887 [2d Cir 1987]). The Eighth Amendment to the Constitution, which applies to the states through the Due Process Clause of the Fourteenth Amendment, prohibits the imposition of cruel and unusual punishment and guarantees prisoners humane conditions of confinement (see Farmer v Brennan, 511 US 825, 832 [1994] ["The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones" (internal quotation marks and citation omitted)]).

An inmate must meet two requirements to state a claim under section 1983 that a prison official violated his or her Eighth Amendment rights (Farmer, 511 US at 834). First, the inmate must allege a deprivation that is, objectively, "sufficiently serious" (id. [internal quotation marks omitted]). A claim for failure to prevent harm is sufficiently serious if the inmate alleges an "unquestioned and serious deprivation of basic human

needs" or denial of "the minimal civilized measure of life's necessities" (*Rhodes v Chapman*, 452 US 337, 347 [1981]). Second, the inmate must also show that the defendants acted with "deliberate indifference," which requires more than a showing of mere negligence (*see Farmer*, 511 US at 834-835 [internal quotation marks omitted]; *see also Cuoco v Moritsugu*, 222 F3d 99, 106 [2d Cir 2000]).

The complaint fails to set forth allegations of fact which indicate that plaintiff was deprived of a constitutional right. Courts have regularly held that a prisoner cannot base a section 1983 claim on the allegation of a wet or slippery prison floor because that condition does not constitute a sufficiently serious deprivation (*e.g. Johnson v New York City [Corp. Counsel]*, — F Supp 2d —, —, 2011 WL 1795284, *4-5, 2011 US Dist LEXIS 47679, *12-13 [SD NY 2011] [dismissing claim brought by inmate at Anna M. Kross Center, who alleged that he slipped and fell twice on a floor that was "always" wet from water leaking for five months]; *Carr v Canty*, — F Supp 2d —, —, 2011 WL 309667, *2, 2011 US Dist LEXIS 5120, *5-6 [SD NY 2011] [inmate at Anna M. Kross Center]; *Sylla v City of New York*, 2005 WL 3336460, *3, 2005 US Dist LEXIS 31817, *9-10 [ED NY 2005] [inmate at Rikers Island]). Moreover, "courts have held that allegations of wet conditions leading to a slip-and-fall will not support a [s]ection 1983 claim even where . . . the plaintiff . . . alleges that the individual defendants had notice of the wet condition but failed to address it" (*see Edwards v City of New York*, 2009 WL 2596595, *3, 2009 US Dist LEXIS 74940, *7-8 [SD NY 2009] [citing cases]).

We do not discern any factual allegations that conditions at the Center were inhumane or unreasonably risky. At best, the complaint states a cause of action under state law for negligence, which plaintiff concedes is time-barred and which, in any event, is insufficient to support a section 1983 claim (*see Jennings v Horn*, 2007 WL 2265574, *5, 2007 US Dist LEXIS 57941, *18 [SD NY 2007]). Plaintiff's claim that defendants were deliberately indifferent to the slippery condition of the floor amounts to a legal conclusion that is not supported by any allegations of fact. Finally, the allegation that defendants failed to provide plaintiff with immediate medical attention to treat his unspecified injuries does not support either an inference that "the failure to treat [his] condition could [have] result[ed] in further significant injury or the unnecessary and wanton infliction of pain" (*Chance v Armstrong*, 143 F3d 698, 702 [2d Cir 1998] [internal quotation marks omitted]), or that "prison officials intentionally denied or delayed access to medical care" (*Pap-*

*panikolaou v New York City*, 2005 WL 1661649, *12, 2005 US Dist LEXIS 39201, *36 [ED NY 2005]). Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.