■ RASHAD SCOTT, Appellant, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [961 NYS2d 596]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Cahill, J.), entered August 18, 2010 in Ulster County, which granted defendants' motion to dismiss the complaint.

Plaintiff, a prison inmate, commenced this action pursuant to 42 USC § 1983, asserting that defendants were deliberately indifferent to his serious medical needs when they allegedly failed to provide him with a CPAP machine to treat his sleep apnea, in violation of his rights under the Eighth Amendment of the US Constitution. Defendants moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted defendants' motion, prompting this appeal.

Viewing the complaint liberally and accepting the allegations therein as true, as we must on a motion to dismiss, we cannot conclude that plaintiff has stated a cause of action under 42 USC § 1983 (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Kennedy v St. Barnabas Hosp., 283 AD2d 364, 365 [2001]). "An inmate must meet two requirements to state a claim under section 1983 that a prison official violated his or her Eighth Amendment rights. First, the inmate must allege a deprivation that is, objectively, sufficiently serious. . . . Second, the inmate must also show that the defendants acted with deliberate indifference, which requires more than a showing of mere negligence" (Rodriguez v City of New York, 87 AD3d 867, 868-869 [2011] [internal quotation marks and citations omitted]; see Chance v Armstrong, 143 F3d 698, 702 [1998]; Kennedy v St. Barnabas Hosp., 283 AD2d at 366).

Plaintiff's condition was assessed by medical experts outside the prison and, as recommended by his doctor, a CPAP machine was ordered to treat his sleep apnea. While awaiting arrival of the CPAP machine, plaintiff sought and received a sleep repositioning device. Plaintiff acknowledges that he received the CPAP machine after a six-month wait, and he has not averred any harm resulting from the alleged delay in its provision. Assuming without deciding that the delay in providing the CPAP machine to treat plaintiff's sleep apnea constitutes a serious deprivation such that the objective requirement is satisfied, plaintiff has failed to articulate facts that could satisfy the "deliberate indifference" standard under the circumstances (see Pappanikolaou v New York City, 2005 WL 1661649, *13, 2005 US Dist LEXIS 39201, *39-40 [ED NY, July 14, 2005, No. CV-01-865]; cf. Alvarado v Ramineni, 2010 WL 2949322, *3-5, 2010 US Dist LEXIS 73828, *7-12 [ND NY, Mar. 15, 2010, No. 9:08-CV-1126], adopted 2010 WL 2948235, 2010 US Dist LEXIS 73855 [July 22, 2010]). Accordingly, the complaint was properly dismissed.

Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.