Johnson v Woodruff (2020 NY Slip Op 06829)





Johnson v Woodruff


2020 NY Slip Op 06829


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

528623

[*1]Johnathan Johnson, Appellant,
v
Paul Woodruff, as Deputy Superintendent at Upstate Correctional Facility, et al., Respondents.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.



Colangelo, J.
Appeal from an order of the Supreme Court (Main Jr., J.), entered January 23, 2019 in Franklin County, which granted defendants' motion to dismiss the complaint.
Plaintiff, an inmate at Upstate Correctional Facility, commenced this action pursuant to 42 USC § 1983 against defendants — the Deputy Superintendent of Upstate Correctional Facility and the acting and former Commissioners of Corrections and Community Supervision — alleging that, as a result of Department of Corrections and Community Supervision Directive No. 4910 being "implemented," his rights under the Fourth, Eighth and Fourteenth Amendments of the US Constitution were violated because the directive "allows" and "instruct[s]" the prison guards to bang very loudly on cells, walls, doors, desks, sinks, showers, chairs and floors with a rubber hammer during cell searches, which are conducted in the morning, afternoon and evening. As asserted by plaintiff, these cell searches [FN1] — which occur only in the special housing unit and during which the prison guards purposely bang for at least five minutes — are excessive, amount to cruel and unusual treatment and deny him equal treatment and protection because the banging interferes with his sleep and gives him extreme headaches and "nerves" problem. Prior to serving an answer, defendants moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion, prompting this appeal by plaintiff.
Liberally construing the complaint and accepting the allegations therein as true, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Scott v Smith, 104 AD3d 1029, 1030 [2013], lv denied 21 NY3d 860 [2013]), we are unpersuaded that Supreme Court erred in dismissing the complaint for failure to state a cause of action. "The Eighth Amendment to the [US] Constitution, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the imposition of cruel and unusual punishment and guarantees prisoners humane conditions of confinement" (Rodriguez v City of New York, 87 AD3d 867, 868 [2011] [citation omitted]). "An inmate must meet two requirements to state a claim under [42 USC §] 1983 that a prison official violated his or her Eighth Amendment rights. First, the inmate must allege a deprivation that is, objectively, sufficiently serious. Second, the inmate must also show that the defendants acted with deliberate indifference, which requires more than a showing of mere negligence" (Scott v Smith, 104 AD3d at 1030 [internal quotation marks, ellipsis and citations omitted]; see Walker v Schult, 717 F3d 119, 125 [2d Cir 2013]). Even reading plaintiff's allegations liberally and providing the allegations every favorable inference, such allegations simply state that banging occurs for at least five minutes in the morning, afternoon and evening, which purportedly interferes with his sleep and causes headaches and nerve problems. Although relentless noise and sleep deprivation have been held to constitute a violation of Eighth Amendment rights (see Walker v Schult, 717 F3d at 126; Tafari v McCarthy, 714 F Supp 2d 317, 367 [ND NY 2010]), the alleged intermittent and limited duration of the banging, which is not alleged to occur during normal sleeping hours, is insufficient to establish an objectively serious condition that deprived him of any basic human needs (cf. Walker v Schult, 717 F3d at 126-129) or that, subjectively, defendants acted with the requisite deliberate indifference in conducting the cell searches in accordance with the applicable directive.
Turning to plaintiff's allegation of a violation of his Fourth Amendment rights, the alleged banging stemming from routine searches and inspections of cells with the aid of a rubber hammer does not implicate any legitimate expectation of privacy. Moreover, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell" (Willis v Artuz, 301 F3d 65, 67 [2d Cir 2002] [internal quotation marks and citation omitted]). Plaintiff also failed to state a cause of action to support a violation of his Fourteenth Amendment right of equal protection. "Equal protection does not require absolute equality . . . or precisely equal advantages. Rather, in the absence of a classification affecting fundamental rights or creating suspect classifications which must be invalidated unless justified by some compelling state interest, equal protection requires only that a classification which results in unequal treatment rationally further some legitimate, articulated state purpose" (Matter of Rifkin v Goord, 273 AD2d 878, 879 [2000] [internal quotation marks and citations omitted]). Plaintiff's conclusory allegation of disparate treatment of inmates in the special housing unit enduring excessive cell searches, even if true, is insufficient to state a claim for violation of equal protection, given the clear rational governmental interest in performing more frequent searches in order to ensure the security and integrity of the special housing unit cells (see e.g. Hameed v Coughlin, 37 F Supp 2d 133, 137 [ND NY 1999]). Plaintiff's remaining contentions have been reviewed and are without merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Such cell searches pursuant to Directive No. 4910 — including, as here, those involving the use of a rubber hammer to strike items in or around an inmate's cell — are designed to detect contraband and ensure the integrity of the living quarters.