Johnson v Haug (2021 NY Slip Op 02201)





Johnson v Haug


2021 NY Slip Op 02201


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530019
[*1]Johnathan Johnson, Appellant,
v
Don Haug et al., Respondents.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Johnathan Johnson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.



Aarons, J.
Appeal from an order of the Supreme Court (Main Jr., J.), entered September 4, 2019 in Franklin County, which granted defendants' motion to dismiss the complaint.
Plaintiff, a prison inmate, commenced this action to assert a 42 USC § 1983 claim alleging that defendants had violated his rights under the Eighth and Fourteenth Amendments of the US Constitution. He specifically alleged that, after he began receiving meals on Styrofoam trays in 2013, the meals included smaller portions of food and sometimes arrived cold. Supreme Court granted defendants' motion to dismiss the complaint for failure to state a cause of action. Plaintiff appeals.
Accepting the allegations in the complaint as true and affording plaintiff every favorable inference, as is required upon defendants' motion to dismiss, we affirm (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017]; Johnson v Bruen, 187 AD3d 1294, 1294-1295 [2020]). "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he [or she] is confined are subject to scrutiny under the Eighth Amendment," and that prison officials may not deprive a prisoner of food and other basic needs as a result (Helling v McKinney, 509 US 25, 31 [1993]; see Phelps v Kapnolas, 308 F3d 180, 185 [2d Cir 2002]). To state a 42 USC § 1983 claim for such a deprivation, plaintiff was obliged to "allege that: (1) objectively, the deprivation [he] suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official[s] acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety" (Walker v Shult, 717 F3d 119, 125 [2d Cir 2013] [internal quotation marks, ellipsis and citations omitted]; see Farmer v Brennan, 511 US 825, 834 [1994]; Johnson v Woodruff, 188 AD3d 1425, 1426 [2020], lv denied 36 NY3d 906 [2021]).
Plaintiff alleges that he has suffered various ailments because his meals lacked "proper" portions and arrived cold on an unspecified number of occasions between 2013 and 2018. Those allegations would not constitute a "sufficiently serious" deprivation to satisfy the objective element of an Eighth Amendment violation if true (Oliver v Fuhrman, 739 Fed Appx 968, 969 [11th Cir 2018]; see Lee v Mackay, 29 Fed Appx 679, 680 [2d Cir 2002]; Johnson v Gummerson, 198 F3d 233 [2d Cir 1999]). Accordingly, even assuming that plaintiff alleged actions by defendants "suggest[ing] a deliberate indifference [on their part] to plaintiff's" health (Schulik v County of Monroe, 202 AD2d 960, 961 [1994]; see Bass v Jackson, 790 F2d 260, 263 [2d Cir 1986]), he nevertheless failed to articulate an Eighth Amendment violation that could support a 42 USC § 1983 claim.
Finally, as plaintiff's claim is covered by the Eighth Amendment and "must be analyzed under the standard appropriate to that specific provision," his argument [*2]that defendants' actions also deprived him of due process under the Fourteenth Amendment does not save his 42 USC § 1983 claim (United States v Lanier, 520 US 259, 272 n 7 [1997]; see Graham v Connor, 490 US 386, 395 [1989]). Thus, we agree with Supreme Court that the complaint fails to state a cause of action. Plaintiff's remaining arguments, including that Supreme Court should have denied the motion and directed further discovery pursuant to CPLR 3211 (d), have been examined and are meritless.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.