Matter of Johnson v Annucci (2022 NY Slip Op 05124)

Matter of Johnson v Annucci

2022 NY Slip Op 05124

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

534018
[*1]Matter of Johnathan Johnson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Johnathan Johnson, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Andrew G. Ceresia, J.), entered September 8, 2021 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
Petitioner, an incarcerated individual, filed a grievance concerning, among other things, the level of noise created by a correction officer who conducted an allegedly intentional and malicious search of an empty cell located in the vicinity of petitioner's prison cell on or about December 16, 2018. In his grievance, petitioner also requested an investigation into, and discontinuance of, the officer's continuing practice of banging on cell bars with a rubber mallet during searches. The grievance was denied as unsubstantiated and, upon administrative review, the Central Office Review Committee upheld that denial. Petitioner subsequently commenced this CPLR article 78 proceeding and, following joinder of issue and motion practice, Supreme Court denied various motions made by petitioner and dismissed the petition. Petitioner appeals.
We affirm. "Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Johnson v Annucci, 139 AD3d 1271, 1272 [3d Dept 2016] [internal quotation marks and citations omitted], appeal dismissed 28 NY3d 946 [2016]; see Matter of Sinclair v Annucci, 137 AD3d 1385, 1386 [3d Dept 2016], lv denied 27 NY3d 909 [2016]; Matter of Abreu v Fischer, 97 AD3d 877, 878 [3d Dept 2012], appeal dismissed and lv denied 19 NY3d 1096 [2012]). Department of Corrections and Community Supervision Directive No. 4910 provides that every facility "ensure that each [incarcerated individual's] cell, cube, or room is randomly searched a minimum of once every 60 days" and that such searches "be thorough and include[] bar and hammer examinations, vent and toilet inspections, sink inspections, and wall, ceiling, floor, and window integrity checks" (Dept of Corr & Community Supervision Directive No. 4910 [V] [B] [3] [Sept. 27, 2016]). Further, the directive states that a "rubber mallet and/or baton will be utilized" during the searches (Dept of Corr & Community Supervision Directive No. 4910 [V] [B] [4] [Sept. 27, 2016]). "[T]he use of a rubber hammer to strike items in or around an [incarcerated individual's] cell [is] designed to detect contraband and ensure the integrity of the living quarters" (Johnson v Woodruff, 188 AD3d 1425, 1426 n [3d Dept 2020], lv denied 36 NY3d 906 [2021]).
Contrary to petitioner's contention, the record, including the confidential documentation submitted for in camera review, establishes that there was no malfeasance by facility staff or animus motivating the December 2018 search complained of in petitioner's grievance. Further, given that random searches, with the use of rubber mallets, are [*2]expressly authorized by the operative directive and are to be conducted at least once every 60 days, we discern no basis upon which to disturb the denial of petitioner's grievance challenging the facility's practices with regard to such searches (cf. Johnson v Woodruff, 188 AD3d at 1427). To the extent that petitioner's remaining claims are properly before us, including his challenges to Supreme Court's denial of the various motions that he made before that court, they have been rendered academic or considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.