Matter of Johnson v Annucci (2022 NY Slip Op 05120)

Matter of Johnson v Annucci

2022 NY Slip Op 05120

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

533383
[*1]In the Matter of Johnathan Johnson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:August 17, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Johnathan Johnson, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Andrew G. Ceresia, J.), entered June 1, 2021 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
Petitioner, an incarcerated individual, apparently suffers from food allergies, as a result of which he was placed on a special meal plan — denominated as the Control A diet — with certain modifications specific to petitioner's individual needs. For reasons not evident from the face of the record, petitioner sought to be removed from the special meal plan and placed on the facility's "regular" meal plan. In response to his request, petitioner was advised that all dietary changes had to be made through and approved by the facility's medical staff. When a facility physician denied petitioner's request to be placed on the regular meal plan, petitioner filed a grievance. Ultimately, the Central Office Review Committee (hereinafter CORC) denied petitioner's grievance, instructing petitioner to address his concerns in this regard through established sick-call procedures.
In response, petitioner commenced this CPLR article 78 proceeding seeking, among other things, a writ of mandamus to compel respondents to remove him from the special meal plan. Petitioner also moved to compel certain disclosure — specifically, his facility medical records — and sought injunctive relief. Following an unsuccessful motion to dismiss, respondents answered. Supreme Court, among other things, dismissed the petition, finding that the discovery materials sought by petitioner were not material and necessary to resolution of this proceeding and, as to the merits, that the denial of petitioner's grievance was not arbitrary and capricious, irrational or affected by an error of law. This appeal ensued.
We affirm. "Under CPLR article 78, a petitioner is not entitled to discovery as of right, but must seek leave of court pursuant to CPLR 408. Because discovery tends to prolong a case, and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for such relief" (Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs., 253 AD2d 8, 15 [2d Dept 1999] [citation omitted]; see Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1132 [3d Dept 2013]). When leave of court is granted, discovery is conducted in accordance with CPLR 3101 (a), which generally provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action" or proceeding.
Here, petitioner sought disclosure of his medical records, which he asserted would establish that a medical form altering his diet plan had in fact been submitted to the facility's food service department — an assertion disputed by both the Inmate Grievance Review Committee and CORC. Petitioner's [*2]argument on this point, however, is undermined by his admission that his request to be removed from the special meal plan had been denied by a facility physician. Given petitioner's acknowledgment in this regard, we cannot say that Supreme Court abused its considerable discretion in concluding that the requested medical records were not material and necessary to the resolution of this matter.
Turning to the merits, "[t]he writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Hunt v Annucci, 201 AD3d 1112, 1113 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 907 [2022]; see Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [3d Dept 2011], lv denied 18 NY3d 802 [2011]). Although petitioner plainly has a right to adequate food and nutrition, the selection of a meal plan to address and accommodate his specific dietary needs or restrictions necessarily involves the exercise of medical discretion and judgment (cf. Matter of Mental Hygiene Legal Serv. v Delaney, 176 AD3d 24, 33-34 [3d Dept 2019], appeal dismissed 38 NY3d 1076 [2022]). Accordingly, mandamus to compel does not lie here.
To the extent that the petition can be read as challenging the substance of CORC's determination denying petitioner's grievance, our review "is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Simpson v State of N.Y. [DOCCS], 202 AD3d 1245, 1246 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Sanchez v NYS DOCCS, 194 AD3d 1170, 1171 [3d Dept 2021]). As evidenced from the record, petitioner's entire argument on this point centers upon his belief that the facility's food service department received a form from the facility's medical staff instructing food service personnel to remove petitioner from the special meal plan and that such personnel thereafter refused to do so. The record makes clear, however, that any changes to petitioner's diet or meal plan first had to be approved by the facility's medical staff, and petitioner, in turn, has admitted that a facility physician denied his request to modify his meal plan. Absent some explanation by petitioner as to the basis for the requested dietary change or, more to the point, why the denial thereof was arbitrary and capricious, irrational or affected by an error of law, Supreme Court properly rejected any challenge to the denial of the grievance.
As a final matter, we are not persuaded that petitioner was deprived of an adequate diet or reasonable medical care and that facility staff acted with deliberate indifference to his health, thereby giving rise to an Eighth Amendment violation. In this regard, "it was incumbent upon petitioner to allege that: (1) objectively, the deprivation he suffered was sufficiently serious that he was [*3]denied the minimal civilized measure of life's necessities, and (2) subjectively, the facility acted with a sufficiently culpable state of mind, such as deliberate indifference to [his] health or safety" (Matter of Johnson v Uhler, 205 AD3d 1277, 1278 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Johnson v Woodruff, 188 AD3d 1425, 1426 [3d Dept 2020], lv denied 36 NY3d 906 [2021]). As noted previously, petitioner did not articulate, among other things, why he wanted to be removed from the special diet plan or how that plan failed to address his nutritional needs, nor did he otherwise establish that the nutrition with which he was provided — or allegedly was denied — constituted a sufficiently serious deprivation of one of life's necessities to satisfy the objective element of the Eighth Amendment test (see Johnson v Haug, 193 AD3d 1200, 1201 [3d Dept 2021], lv denied 37 NY3d 908 [2021]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.