■ BANKERS TRUST COMPANY OF CALIFORNIA, N.A., Respondent, v FRANCES DUDLEY et al., Respondents. HENRY POUNCY, Nonparty Appellant; WINDSOR HOLDING CORP., Nonparty Respondent. [788 NYS2d 398]—

In an action to foreclose a mortgage, Henry Pouncy, a nonparty, appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated July 24, 2003, which denied his separate motions, inter alia, for leave to intervene in the action, and to vacate a judgment of foreclosure and sale and a referee's deed.

Ordered that the order is affirmed, with costs.

The nonparty appellant, Henry Pouncy, initially the record owner of the subject premises, mortgaged the property in 1992. He defaulted on the loan secured by that mortgage, and a foreclosure action was commenced on or about April 20, 1996. In that same year, Pouncy allegedly deeded the premises to his goddaughter, the defendant Frances Dudley, so that she could take out a mortgage in her name, using her credit and income. Thereafter, Dudley mortgaged the premises a number of times, ultimately defaulting, thus prompting this foreclosure action.

By referee's deed dated April 30, 2002, the premises were conveyed to Wells Fargo Bank Minnesota, N.A. (hereinafter Wells Fargo). On June 27, 2002, Wells Fargo deeded the premises to an entity called Windsor Holding Corp., although Pouncy claimed, on information and belief, that the latter deed was not recorded until August 12, 2002. On August 2, 2002, Pouncy, still a resident at the subject premises (although he had been named as a respondent in a holdover proceeding commenced by Wells Fargo in June 2002), sought leave to intervene in this action. Among other things, he claimed that he never deeded the premises to Dudley, that his signature on the purported deed was a forgery, and that Dudley's transactions regarding the premises were "fraudulent" and entered into without his knowledge.

We conclude, under the facts at bar, that Pouncy's request for leave to intervene herein properly was denied (*see* CPLR 1012, 1013; *Elias v Town of Brookhaven,* 274 AD2d 495 [2000]).

In light of the foregoing, we need not address the parties' remaining contentions. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.