■ Henry Pouncy, Respondent, v Frances Dudley, Defendant, and Windsor Holding Company, Appellant. [814 NYS2d 641]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a deed to certain real property is void, and that the plaintiff is the owner in fee simple of the subject real property, the defendant Windsor Holding Company appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 17, 2005, which denied its cross motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against it, and granted the plaintiff's motion for a preliminary injunction, inter alia, restraining it from removing the plaintiff from the subject real property, and directed the plaintiff to post an undertaking in the amount of $100.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the cross motion of the defendant Windsor Holding Company (hereinafter Windsor) pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff was collaterally estopped from pursuing this action based upon the judgment of foreclosure entered in an action entitled *Bankers Trust Co. of Cal., N.A. v Dudley*, which was brought in the Supreme Court, Kings County, under index No. 22145/99 (hereinafter the *Bankers Trust* action). Collateral estoppel, or issue preclusion, operates to preclude a party to a prior action or proceeding (or a person or entity in privity with such a party) from relitigating in a subsequent action or proceeding an issue that previously was decided against it in the prior action or proceeding (*see Buechel v Bain,* 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002], citing *Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). Here, the plaintiff was neither a party to, nor in privity with a party to the *Bankers Trust* action, and thus he cannot be bound by the doctrine of collateral estoppel with respect to the determination of issues therein.

We note that the plaintiff moved for leave to intervene in the *Bankers Trust* action. Windsor opposed that motion, inter alia, on the ground that the plaintiff's remedy was not to intervene in the *Bankers Trust* action, but rather to bring an action to quiet title. The Supreme Court denied the plaintiff's motion for leave to intervene in the *Bankers Trust* action. This Court affirmed that order (*see Bankers Trust Co. of Cal., N.A. v Dudley,*

13 AD3d 567 [2004]) on the ground that the plaintiffs motion for leave to intervene therein was made too late in the litigation. "Had [Windsor] expected to impose res judicata consequences on [the plaintiff, it] should either have consented to, or at least refrained from opposing, his application for intervention. [It] cannot at once be the agent[ ] of his exclusion and yet lay claims to the same benefit as if he had been included" (*Parkoff v General Tel. & Elecs. Corp.,* 53 NY2d 412, 421 n 5 [1981]). Accordingly, Windsor's cross motion to dismiss the complaint insofar as asserted against it was correctly denied.

Both the determination of whether to grant the plaintiff's motion for a preliminary injunction and, if granted, the amount of an appropriate undertaking to be posted, are matters within the sound discretion of the Supreme Court (*see Ying Fung Moy v Hohi Umeki,* 10 AD3d 604, 605 [2004]). Under the circumstances presented, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction and, given his asserted indigence, in fixing the amount of the undertaking at $100. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.