FILED
United States Court of Appeals
Tenth Circuit

November 2, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHE CIRCUIT

---

KATHERINE R. SLOCUM,

     Plaintiff - Appellant,

v.

CORPORATE EXPRESS US INC.;
CORPORATE EXPRESS OFFICE
PRODUCTS INC.; COX
COMMUNICATIONS CENTRAL II,
INC.; COX OKLAHOMA TELCOM,
L.L.C.; COXCOM, INC.; JOURNAL
BROADCAST GROUP, INC.;
JOURNAL BROADCAST GROUP OF
KANSAS, INC.,

     Defendants - Appellees.

No. 11-5083
(D.C. No. 4:10-CV-00650-TCK-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Petitioner Katherine R. Slocum, appearing pro se, appeals from the dismissal with prejudice of all her claims against Corporate Express U.S., Inc., Corporate Express Office Products, Inc., ("Corporate Express"), Cox Communications Central II, Inc., Cox Oklahoma Telcom, LLC, Coxcom, Inc., ("Cox"), Journal Broadcast Group, Inc., and Journal Broadcast Group of Kansas, Inc., ("Journal Broadcast"). Slocum v. Corporate Exp. US Inc., No. 10–CV–650–TCK–PJC, 2011 WL 1770815 (N.D. Okla. May 9, 2011). This action was removed from the Tulsa County district court. Ms. Slocum's suit revolves around allegations that the Defendants engaged in illegal surveillance, harassment, and discrimination. 1(pt. 3) R. 458-60. She has made these claims against Corporate Express and others in prior suits. The complaint, which seeks $40 million in actual damages and $20 million in punitive damages, also asserts claims of (among other things) trespass, computer crime, slander, aggravated assault, violations of the Americans with Disabilities Act, insurance fraud, contributory negligence, and wrongful termination. Aplt Br. 14; 1(pt. 1) R. 56.

The district court concluded that Ms. Slocum's allegations failed to survive motions to dismiss under Rule 12(b)(6), Fed. R. Civ. P. Slocum v. Corporate Exp. US Inc., 2011 WL 1770815 at *3. With regard to Cox and Journal Broadcast, the court found that the complaint did not "set forth any conduct that is specifically or even implicitly tied to [them]." Id. As for Corporate Express, Ms. Slocum's former employer, the court held that the "allegations are so

- 2 -

outlandish, implausible, and/or incomprehensible that the Court has no 'reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. at *4 (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted)). The court also found that all but four of Ms. Slocum's 25 claims (or "propositions") were barred by res judicata. Id. On appeal, in a 63-page brief, Ms. Slocum mainly re-alleges the claims made in the district court and contends that they were improperly dismissed, in addition to making other procedural and substantive arguments.

First, she argues that Corporate Express and Journal Broadcast failed to serve their motions to dismiss within the "20 day deadline" required by Federal Rule of Civil Procedure 12(a)(1)(A)(I). Aplt. Br. 48. (Actually, a defendant, as of December 1, 2009, has 21 days to answer.) But the docket sheet of the Tulsa County district court—where the case was originally filed, before being removed—indicates that the petition and summons were mailed to Corporate Express on October 1, 2010, 1(pt. 1) R. 66. The district court docket sheet shows that Corporate Express's motion to dismiss was filed on October 20, 2010, id. at 4 (Doc. 10). Because a defendant must answer "within 21 days after being served," Fed.R.Civ.P. 12(a)(1)(A)(I)—i.e., 21 days after the date of receipt (here, October 6, 2010)—Corporate Express responded well within the deadline. Journal Broadcast maintains that it was never properly served, but that, in any event, Ms. Slocum's pleadings were postmarked October 19, 2010, and contained a summons

indicating service on October 20, 2010. Journal Broadcast filed its motion to dismiss on November 10, 2010, 1(pt.1) R. 6 (Doc. 23), so it was timely.

Second, Ms. Slocum argues that four claims (i.e., those not deemed barred by res judicata) were improperly dismissed for failure to state a claim. Aplt. Br. 49. This court reviews a district court's dismissal on a Rule 12(b)(6) motion de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). We may not assess credibility; we only consider whether the allegations, taken as true, are legally sufficient to allow the suit to proceed. Id. To survive such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We find that the claims asserted here are implausible—and wildly so.

Ms. Slocum's complaint alleges that her former employer, an office-supply company (which fired her in 2001), hired a "surveillance company" to break into her home to install "audio-video equipment," 1(pt. 3) R. 361-62, and repeated the operation after each of her five different changes of address, id. at 362. They took videotape of her unclothed, id. at 363, which they then "broadcast[]...to various radio and television broadcasters," including Rush Limbaugh, Sean Hannity, and Big Country 99.5 FM, id. at 365. Corporate Express also made death threats, id. at 368, hacked into her computer and distributed her credit card and banking information, id. at 366, slandered her on national talk radio, id. at 369, stalked her, id. at 374, denied her access to local universities, id. at 375,

commandeered an economics professor to ridicule her in class, id. at 377, precipitated her divorce, id. at 385, caused an institutionalization that led to a hysterectomy (an excision of the uterus), id. at 390, and, finally, dispatched "agents" to practice a "technique [where] they would go to a restaurant that I was going to, and they would listen to my conversations with friends, and family, and talk to each other about things that only meant something to me, but my friends, and family would not have a clue what was going on," id. at 392. This has gone on for the "last four years and eight months." Id. at 363. Its purpose has been to "humiliate" and "intimidate the Plaintiff over pending civil litigation." Id. at 363. Some of Corporate Express's wrongdoing was accomplished "in concert" with the Rogers State University Campus Police, "agents" of the State of Oklahoma, and the Claremore, Oklahoma, police department. Id. at 363. It is entirely unclear what, if anything, Cox and Journal Broadcast have to do with these allegations.

On appeal Ms. Slocum claims that the district court "completely misinterpreted" her allegations so as to make them sound "not likely," Aplt. Br. 30, but we agree with that court's bottom line: "Defendants should not be forced to conduct discovery or otherwise proceed with this lawsuit." Slocum v. Corporate Exp. US Inc., 2011 WL 1770815 at *4. She wishes to subpoena documents and records from the Defendants and broadcasters. Aplt. Br. 33. Even under the permissive standards allowed pro se litigants, Ms. Slocum has not made allegations sufficiently plausible to survive a motion to dismiss under 12(b)(6).

Nowhere does the complaint provide any factual substance beyond assertions that such events occurred, occasionally giving a month or date. Yet Twombly's pleading standard is designed precisely to "avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." Pace v. Swerdlow, 519 F.3d 1067, 1076 (10th Cir. 2008) (internal quotations omitted).

Third, she claims that the district court improperly dismissed 21 of her claims as barred by the doctrine of res judicata. Aplt. Br. 34. She made identical claims about Corporate Express's "surveillance" in suits filed in 2008 and 2009; now she argues that those claims were "dismissed without prejudice" and should be "treated...as though those previous suits did not exist." Aplt. Br. 34, 37. Our review reveals that, in fact, her suits were all dismissed with prejudice.[1] Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal with prejudice. In her second suit against Corporate Express, the court indicated that its dismissal was "without prejudice," but this was only to allow her to file an

---

[1] Slocum v. Corporate Exp., Inc., No. 08-CV-364-JHP, 2008 WL 2915110 (N.D. Okla. July 25, 2008) and Slocum v. Corporate Express US Inc. et al., No. 09-CV-03-GKF-FHM, Doc. No. 44 (N.D. Okla. Oct. 5, 2009). In 2008 she made the same allegations—all dismissed—against Rogers State University, Slocum v. Oklahoma ex rel. Board of Regents of the Univ. of Okla., et al., Case No. 10-CV-302-GFK-TLW, Doc. No. 22 (N.D. Okla. July 22, 2010); the City of Claremore, Slocum v. City of Claremore, No. 08-CV-756-GKF-PJC, 2009 WL 2835399 (N.D. Okla. Aug. 28, 2009); and Saint Francis Health Systems, Slocum v. Saint Francis Health Systems, et al., Case No. CJ-2008-5761 (Tulsa Dist. Ct.) (dismissed Oct. 3, 2008).

amended petition, see Slocum v. Corporate Express US Inc. et al., Case No. 09-CV-03-GKF-FHM, Doc. No. 24, at 2.  She never did.  But a Rule 12(b)(6) dismissal is still an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of a complaint.  Res judicata, in turn, precludes re-litigation between parties of claims that were (or could have been) raised in an earlier action that reached a final judgment on the merits.  King v. Union Oil Co. of Cal., 117 F.3d 443, 445 (10th Cir. 1997).  Ms. Slocum claims the doctrine does not apply because the parties are different.  For instance, she says she filed suit against "Corporate Express A Staples Company" in 2009, not "Corporate Express, Inc."  But the latter appeared in the caption of the 2009 suit.  The district court properly dismissed most of Ms. Slocum's claims under res judicata.

Fourth, she claims that the district court exhibited an "unfair amount of prejudice towards" her "mental health disability," since its decision cited only "one passage" from her complaint, a passage that "happened" to reveal that Ms. Slocum takes "paranoia medicine."  Aplt. Br. 35-36.  We find that the passage objected to is consistent with her general complaint; that, to her advantage, it was one of the only allegations to attempt to supply a degree of factual detail; that other allegations were cited by the court; and that the fact of medical treatment appears in the passage because Ms. Slocum put it there.  To demonstrate a violation of due process because of judicial bias, a party must show actual bias or

its appearance by pointing to outward manifestations and reasonable inferences drawn therefrom. United States v. Gambino-Zavala, 539 F.3d 1221, 1228 (10th Cir. 2008). Ms. Slocum has hardly met this burden.

Fifth, Ms. Slocum claims it was an abuse of discretion for the district court to dismiss her "allegation of Loss of Heirs due to Contributory Negligence," referring, apparently, to the consequences of the hysterectomy. Aplt. Br. 43. For the reasons above—namely, that the district court was sufficiently incredulous that it concluded that Ms. Slocum did not "nudge[] [her] claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570—that claim, too, was properly dismissed.

Sixth, Ms. Slocum claims that there was an abuse of discretion in the district court's failure to grant her extensions of time, which denied her a "full and fair opportunity to litigate the lawsuit." Aplt. Br. 45. She appears, however, to refer to motions made in the 2009 suit, which are beyond review here. Nonetheless, we note that in the instant suit, in which the allegations are largely the same, Ms. Slocum was granted three extensions of time to file amended complaints. 1(pt. 3) R. 452.

Seventh, and finally, Ms. Slocum contends that the lower court infringed (unspecified) rights under the Fourteenth Amendment by demonstrating bias toward the Defendants, as well as non-parties like Rush Limbaugh and Sean Hannity—"as if the famous," she writes, "are not capable of breaking the law."

Aplt. Br. 47. But as stated above, we find no evidence of any bias on the part of the district court.

We have reviewed other contentions raised by Ms. Slocum in this appeal and find them to be without merit. Some of these arguments, along with new factual assertions, were first made in her reply brief, which we decline to consider. <u>Bronson v. Swensen</u>, 500 F.3d 1099, 1104 (10th Cir. 2007).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge