Stewart v Berger (2021 NY Slip Op 08274)





Stewart v Berger


2021 NY Slip Op 08274


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-08021
 (Index No. 2041/12)

[*1]Steven Stewart, etc., respondent, 
v
David M. Berger, etc., et al., appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Conor McDonald and Mark K. Anesh of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants appeal from an amended order of the Supreme Court, Kings County (Debra Silber, J.), dated May 16, 2017. The amended order (1) denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, which alleged breach of contract, (2) granted that branch of their motion which was pursuant to CPLR 3016(b) to dismiss the fourth cause of action, which alleged fraud, and (3), in effect, sua sponte, granted the plaintiff leave to amend the fourth cause of action.
ORDERED that the appeal from so much of the amended order as granted that branch of the defendants' motion which was pursuant to CPLR 3016(b) to dismiss the fourth cause of action, which alleged fraud is dismissed, as the defendants are not aggrieved by that portion of the amended order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the appeal from so much of the amended order as, sua sponte, granted the plaintiff leave to amend the fourth cause of action is dismissed (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335); and it is further,
ORDERED that the amended order is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff retained the defendants to litigate a quiet title action with respect to two properties on Lafayette Avenue in Brooklyn. The parties executed a retainer agreement dated October 10, 2005, providing for a $5,000 retainer fee and an hourly rate of $250. The parties entered into a modified retainer agreement dated May 11, 2006, providing that the defendants would be paid 10% of any recovery received by the plaintiff that was related to their representation of the plaintiff and/or the quiet title proceeding, capped at $50,000. The defendants represented the plaintiff in the quiet title proceeding, a foreclosure action, and the sale of the two subject properties. The defendants charged a total fee of $70,000.
The plaintiff commenced this action, alleging, inter alia, that the defendants breached the modified retainer agreement by charging a fee greater than $50,000, and that the defendants committed fraud by collecting an additional $100,000 of the plaintiff's sale proceeds at the closing by claiming that they had made a $100,000 payment to a bank loan officer to secure a loan for the [*2]purchaser which they had never actually made. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the third cause of action and pursuant to CPLR 3016(b) to dismiss the fourth cause of action. The Supreme Court denied that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, which alleged breach of contract, granted that branch of the motion which was pursuant to CPLR 3016(b) to dismiss the fourth cause of action, which alleged fraud, and, in effect, sua sponte, granted the plaintiff leave to amend that cause of action. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which alleged breach of contract. The essential elements of a breach of contract cause of action are "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 626 [internal quotation marks omitted]). The complaint alleges that the plaintiff and the defendants entered into two written retainer agreements, pursuant to which the fees for the defendants' services, after the initial retainer fee, were capped at $50,000, but the defendants collected amounts in excess of the $50,000 in fees. As such, accepting the facts as alleged as true and according the plaintiff the benefit of every possible favorable inference, the court properly determined that the complaint stated a cause of action alleging breach of contract.
Contrary to the defendants' contention, the documentary evidence did not utterly refute the factual allegations and conclusively establish a defense to the breach of contract cause of action (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677). In this regard, the modified retainer agreement does not conclusively establish that the provision capping the fees at $50,000 pertained exclusively to the defendants' representation of the plaintiff in the quiet title action.
The defendants are not aggrieved by the portion of the amended order granting that branch of their motion which was to dismiss the fourth cause of action, which alleged fraud (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). No appeal lies as of right from so much of the amended order as, sua sponte, granted the plaintiff leave to amend the fourth cause of action, as that portion of the amended order did not decide a motion made on notice (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d at 335). Under the circumstances, we decline to grant leave to appeal from that portion of the amended order.
In light of our determination, we need not reach the defendants' remaining contention.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court