Ripa v Petrosyants (2022 NY Slip Op 01335)





Ripa v Petrosyants


2022 NY Slip Op 01335


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-08176
 (Index No. 510658/17)

[*1]Vyacheslav S. Ripa, respondent, et al., plaintiffs,
v
Zhan Petrosyants, et al., appellants, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Alex Leibson of counsel), for appellants.
Turturro Law, P.C., Brooklyn, NY (Natraj S. Bhushan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Zhan Petrosyants and Robert Petrosyants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated May 16, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Vyachslav S. Ripa (hereinafter the plaintiff) alleges that in 2013, at the behest of, among others, the defendants Zhan Petrosyants and Robert Petrosyants (hereinafter together the Petrosyants defendants), he invested in a potential seafood restaurant business with the Petrosyants defendants, but the Petrosyants defendants diverted the monies to other sources. In 2016, this action was commenced, inter alia, to recover damages for breach of an oral contract, fraud, and unjust enrichment. Thereafter, the Petrosyants defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated May 16, 2019, the Supreme Court, inter alia, denied that branch of the Petrosyants defendants' motion which was to dismiss the breach of contract cause of action insofar as asserted against them. The court concluded that the complaint sufficiently stated a cause of action alleging breach of contract and that a later motion for summary judgment or a trial would determine whether a contract existed and if any breaches occurred. The Petrosyants defendants appeal.
"'In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), our well-settled task is to determine whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated'" (Davids v State of New York, 159 AD3d 987, 989, quoting Aristy-Farer v State of New York, 29 NY3d 501, 509). "The plaintiffs are entitled to all favorable inferences that can be drawn from their pleadings" (Davids v State of New York, 159 AD3d at 989; see Aristy-Farer v State of New York, 29 NY3d at 509). "Thus, if the court determines that the plaintiffs are entitled to relief on any reasonable view of the facts stated, the inquiry is complete and the court must declare the complaint legally sufficient" (Davids v State of New York, 159 AD3d at 989; see Aristy-Farer v State of New York, 29 NY3d at 509).
"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (Stewart v Berger, 192 AD3d 940, 941, quoting Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 626). Here, the complaint alleges that the plaintiff entered into an oral contract with the Petrosyants defendants, pursuant to which the plaintiff would receive a 50% equity interest in a proposed seafood restaurant in exchange for $120,000 and 50% of any additional renovation costs. The complaint further alleges that the plaintiff invested these monies, but the Petrosyants defendants breached the contract by diverting the funds to other uses rather than using them for their intended purposes. Finally, the plaintiff alleges that he sustained damages as a result of this breach. Under the aforesaid principles, the complaint sufficiently alleges the elements of a breach of contract cause of action necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 726).
Accordingly, the Supreme Court properly denied that branch of the Petrosyants defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the breach of contract cause of action insofar as asserted against them.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court