Giusiana v City of Buffalo (2022 NY Slip Op 04850)

Giusiana v City of Buffalo

2022 NY Slip Op 04850

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

450 CA 21-00277

[*1]NOAH J. GIUSIANA, PLAINTIFF-RESPONDENT,
v
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT AND JANE AND/OR JOHN DOE #1-6, DEFENDANTS-APPELLANTS.
CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT AND JANE AND/OR JOHN DOE #1-6, THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
JONAH GIUSIANA, THIRD-PARTY DEFENDANT, AND AMERICAN MEDICAL RESPONSE, INC., THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT. (ACTION NO. 2.)
NOAH J. GIUSIANA, PLAINTIFF-RESPONDENT,
v
AMERICAN MEDICAL RESPONSE, INC., AMERICAN MEDICAL RESPONSE OF NEW YORK, LLC, HALEY I. HERTZOG AND JOSHUA A. KRIEGER, DEFENDANTS-APPELLANTS. (ACTION NO. 3.)

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (WILLIAM P. MATHEWSON OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS IN ACTION NO. 2.
PHELAN, PHELAN & DANEK, LLP, ALBANY (TIMOTHY S. BRENNAN OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT IN ACTION NO. 2 AND DEFENDANTS-APPELLANTS IN ACTION NO. 3. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 16, 2021. The order, inter alia, denied in part the motion for summary judgment of defendants- 
third-party plaintiffs in action No. 2 and denied the motion for summary judgment of defendants in action No. 3.
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced these related actions seeking damages for injuries arising from an incident that took place outside of a cinema in the City of Buffalo (City), which [*2]is a defendant and third-party plaintiff in action No. 2. Plaintiff and his brother, Jonah Giusiana, who is a third-party defendant in action No. 2, both of whom had been drinking on the evening in question, got into a physical altercation after leaving the cinema. At some point during the altercation, an off-duty police officer with the Buffalo Police Department (BPD), which is a defendant and third-party plaintiff in action No. 2, intervened and took plaintiff down to the ground. Shortly thereafter, additional BPD officers, as well as emergency medical technicians Haley I. Hertzog and Joshua A. Krieger, who are defendants in action No. 3, responded to the scene. Plaintiff was cleared by Hertzog for transport by the BPD to the City's central booking facility. While in a holding cell, plaintiff suffered a seizure. It was later revealed that plaintiff had sustained an acute subdural hematoma, and he thereafter underwent an emergency craniotomy. As relevant to these appeals, plaintiff commenced action No. 2 against the City, the BPD, and various "Jane and/or John Doe" defendants allegedly employed as police officers (collectively, City defendants), and asserted against them causes of action for, inter alia, negligence, negligent hiring, and violations of 42 USC § 1983. The City defendants thereafter commenced a third-party action against Jonah Giusiana and American Medical Response, Inc. (AMR). Subsequently, plaintiff commenced action No. 3 against AMR, American Medical Response of New York, LLC, Hertzog, and Krieger (collectively, AMR defendants), and asserted against them causes of action sounding in negligence and medical malpractice. The City defendants moved, inter alia, to dismiss the complaint in action No. 2 pursuant to CPLR 3211 (a) (7) and sought summary judgment dismissing the complaint in that action and on their third-party cause of action for contractual indemnification against AMR, and the AMR defendants moved, inter alia, for summary judgment dismissing the complaint in action No. 3. The City defendants and the AMR defendants now separately appeal from an order that, inter alia, granted the City defendants' motion insofar as it sought summary judgment dismissing the complaint in action No. 2 against the BPD and dismissing the remaining negligent hiring allegations in that action, denied the remainder of the City defendants' motion, and denied the AMR defendants' motion. We affirm.
With respect to the AMR defendants' motion, we reject the AMR defendants' contention that they are entitled to summary judgment dismissing the complaint in action No. 3. Plaintiff's causes of action in action No. 3 are premised on allegations that the AMR defendants failed to provide plaintiff with timely medical treatment and transport to the hospital, and that they failed to correctly assess, diagnose and evaluate plaintiff. The AMR defendants contend that they cannot be held liable as a matter of law because they established that plaintiff refused their medical treatment at the scene. It is well settled that a competent adult has the right to determine the course of his or her own medical treatment, including declining treatment (see Matter of Fosmire v Nicoleau, 75 NY2d 218, 226 [1990]). Here, however, the evidence submitted in support of the AMR defendants' motion itself raises questions of fact whether plaintiff refused medical treatment and whether an examination was appropriately performed by Hertzog and Krieger such that plaintiff could competently refuse medical treatment (cf. Fornabaio v Beacon Broadway Co., LLC, 188 AD3d 565, 566 [1st Dept 2020]). In particular, the AMR defendants submitted the deposition testimony of Hertzog, in which she testified that plaintiff's refusal of treatment would have been included on the report she prepared at the scene, but that there was no such notification in the documentation. Additionally, Hertzog testified that she did not recall conducting certain necessary assessments of plaintiff, including taking his vital signs or performing a Glasgow Coma Scale test, and she further testified that it was her decision alone to clear plaintiff to be transported to central booking. The AMR defendants also submitted the deposition testimony of other witnesses that were outside the cinema, who testified that plaintiff appeared "dazed" and "confused," and that he appeared to have sustained a concussion. Because the AMR defendants' submissions themselves raise triable issues of fact, we need not consider plaintiff's opposition papers (see Zalewski v East Rochester Bd. of Educ., 193 AD3d 1426, 1427 [4th Dept 2021]).
With respect to the City defendants' motion, the City defendants contend that they are entitled to dismissal of the remaining negligence claims in action No. 2 pursuant to CPLR 3211 (a) (7) because plaintiff did not allege in his complaint that the City defendants owed him a special duty. We reject that contention. Plaintiff's negligence cause of action in action No. 2 is based upon the City defendants' alleged failure to provide him with reasonable and adequate medical care while in the holding cell. It is well settled that "inmate[s], who must rely on prison authorities to treat [the inmates'] medical needs . . . , [have] a fundamental right to reasonable . . . and adequate . . . medical care" (Kagan v State of New York, 221 AD2d 7, 11 [2d Dept 1996] [*3][internal quotation marks omitted]; see Powlowski v Wullich, 102 AD2d 575, 587 [4th Dept 1984]). Here, although plaintiff was not an inmate, the City defendants had assumed custody over him, and plaintiff was thus unable to obtain medical treatment on his own (see generally Sanchez v State of New York, 99 NY2d 247, 252-253 [2002]). Therefore, contrary to the City defendants' contention, plaintiff was not required to plead and prove that the City defendants owed him a special duty.
Contrary to the City defendants' further contention, we conclude that Supreme Court properly denied their motion insofar as it sought summary judgment on their third-party cause of action for contractual indemnification against AMR. In support of their motion, the City defendants submitted the City's "Request for Proposals for Emergency Medical Services" (EMS RFP), which contains an indemnification clause providing that any entity contracting with the City is required to "indemnify and save harmless the City of Buffalo and all its . . . agents and employees from any and all suits or action at law or in equity . . . for, or on account of, all matters arising out of, or related to said contractor's services." In addition, the City defendants submitted an "Emergency Ambulance Services Agreement" (EAS Agreement) entered into by the City and a nonparty ambulance service provider (nonparty provider), whereby the nonparty provider agreed to provide onsite and en route medical assistance and emergency transport. We conclude that the City defendants' submissions themselves raise triable issues of fact whether AMR assumed the obligations of the nonparty provider under the EAS Agreement and whether that agreement included the indemnification provision found in the EMS RFP (see generally Sarmiento v Klar Realty Corp., 35 AD3d 834, 836 [2d Dept 2006]). Moreover, even assuming, arguendo, that the indemnification provision applies to AMR, we conclude that the City defendants' submissions themselves raise triable issues of fact whether plaintiff's causes of action against the City defendants in action No. 2 were premised on "matters arising out of, or related to [AMR's] services" (see Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1188 [4th Dept 2008]).
Finally, we conclude that the City defendants' remaining contentions are unpreserved for our review (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court