Rosa v Triborough Bridge & Tunnel Auth. (2023 NY Slip Op 03936)

Rosa v Triborough Bridge & Tunnel Auth.

2023 NY Slip Op 03936

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-01135
 (Index No. 525024/18)

[*1]Donna Marie Rosa, etc., respondent,
v
Triborough Bridge and Tunnel Authority, appellant.

Barry McTiernan & Moore, LLC, New York, NY (David H. Schultz of counsel), for appellant.
Rose M. Weber, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 5, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging negligence and wrongful death.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2018, the plaintiff commenced an action in the United States District Court for the Eastern District of New York (hereinafter the federal court), inter alia, to recover damages for negligence and deliberate indifference to the medical needs of Nicole Ann Garbellotto (hereinafter the decedent) in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The Triborough Bridge and Tunnel Authority (hereinafter the TBTA) was named as a defendant in that action. In April 2018, the federal court granted the TBTA's motion to dismiss the complaint insofar as asserted against it with leave to amend. After the plaintiff amended the complaint to include individual TBTA officers as defendants, the TBTA and those officers (hereinafter collectively the TBTA defendants) moved to dismiss the complaint insofar as asserted against them. In an order dated November 15, 2018, the federal court granted those branches of the motion which were to dismiss the federal causes of action insofar as asserted against the TBTA defendants and declined to exercise supplemental jurisdiction over the plaintiff's state law causes of action insofar as asserted against them.
Thereafter, the plaintiff commenced this action in the Supreme Court, Kings County, against the TBTA, inter alia, to recover damages for negligence and wrongful death. The TBTA moved to dismiss the complaint pursuant to CPLR 3211(a)(5) and (7). In an order dated December 5, 2019, the Supreme Court, inter alia, denied those branches of the TBTA's motion which were to dismiss the causes of action alleging negligence and wrongful death. The TBTA appeals.
Contrary to the TBTA's contention, the Supreme Court did not err in denying those branches of its motion which were to dismiss the causes of action alleging negligence and wrongful death pursuant to CPLR 3211(a)(5) on the ground that those causes of action were barred by the [*2]doctrine of collateral estoppel.
The doctrine of collateral estoppel "'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action . . . and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Feng Li v Shih, 207 AD3d 444, 447, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine applies only when: "'(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Williams v New York City Tr. Auth., 171 AD3d 990, 991-992, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action, and the party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Fowler v Indymac Bank, FSB, 176 AD3d 682, 684 [internal quotation marks omitted]; see Jaber v Elayyan, 191 AD3d 964).
Under the doctrine of collateral estoppel, dismissal of a complaint for failure to state a cause of action has limited preclusive effect, "only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint" (175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1; see Linton v Perry Knitting Co., 295 NY 14, 17; Benzemann v Citibank N.A., 149 AD3d 586, 587; see also Ward v Klein, 203 AD3d 1217, 1217).
Here, contrary to the TBTA's contention, the plaintiff is not collaterally estopped from asserting the causes of action alleging negligence and wrongful death based on the determinations made in the prior federal action. The order of the federal court dated April 18, 2018, granted the TBTA's motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action only to the extent that the motion was granted "with leave to amend." Thereafter, the plaintiff filed an amended complaint in accordance with the deadline set forth in the federal court's order (cf. Slocum v Corp. Exp. U.S. Inc., 446 Fed Appx 957, 960 [10th Cir]). The amended complaint superseded the original, and rendered it of no legal effect (see Shields v Citytrust Bancorp, Inc., 25 F3d 1124, 1128 [2d Cir]; see also R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 688). Accordingly, the TBTA failed to meet its burden of demonstrating that the federal court's determination of the TBTA's motion to dismiss the original complaint insofar as asserted against it "was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d at 17 [internal quotation marks omitted]; see Williams v New York City Tr. Auth., 171 AD3d at 991-992), and therefore has failed to demonstrate that the plaintiff is collaterally estopped from maintaining the instant action based upon the federal court order dated April 18, 2018.
The TBTA also failed to demonstrate the preclusive effect of the federal court order dated November 15, 2018, which dismissed certain federal law claims as against the TBTA defendants set forth in the amended complaint. Where, as here, "'a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims'" (Williams v New York City Tr. Auth., 171 AD3d at 992, quoting Milione v City Univ. of N.Y., 153 AD3d 807, 808-809).
Here, the federal court determined, inter alia, that the amended complaint in that action failed to state causes of action against the TBTA defendants for deliberate indifference under the Fourth and Fourteenth Amendments to the United States Constitution. The causes of action in the instant complaint to recover damages for negligence and wrongful death, however, involve a different legal threshold and different factual issues than those involved in the federal causes of action for constitutional violations (see Kingsley v Hendrickson, 576 US 389, 395-396; Farmer v Brennan, 511 US 825, 826; Johnson v Woodruff, 188 AD3d 1425, 1426; Cuoco v Moritugu, 222 F3d 99, 106-107). Accordingly, the TBTA failed to demonstrate that the issues decided in the federal action were identical to the issues before the Supreme Court (see Neuman v Echevarria, 171 AD3d [*3]767, 768).[FN1]
The Supreme Court also properly determined that the defendant was not entitled to dismissal of the plaintiff's negligence and wrongful death causes of action pursuant to CPLR 3211(a)(7). On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (SV Vernon 43, LLC v Malik, 138 AD3d 730, 731 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). Applying the above standard, the court properly determined that the complaint sufficiently pleaded causes of action to recover damages for negligence and wrongful death. Contrary to the TBTA's contention, the plaintiff was not required to allege that the TBTA had a special duty to the decedent. In this regard, the cause of action alleging that the TBTA was negligent is based upon the TBTA's officers' alleged failure to protect the decedent from self-harm after those officers took her into physical custody. As the TBTA's duty to the decedent was based upon the allegation that the TBTA took her into physical custody, the plaintiff was not required to plead that the TBTA had a special relationship with the decedent to maintain a cause of action to recover damages for negligence (see Villar v Howard, 28 NY3d 74, 80 n 2; Sanchez v State of New York, 99 NY2d 247, 252; Giusiana v City of Buffalo, 208 AD3d 1008, 1011; see also Gordon v City of New York, 70 NY2d 839, 840; Iannelli v County of Nassau, 156 AD3d 767, 768).
The TBTA's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the TBTA's motion which were to dismiss the causes of action alleging negligence and wrongful death.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: To the extent that any question exists as to whether federal common law should be applied to determine the preclusive effect of the federal court orders at issue here (see generally Taylor v Sturgell, 553 US 880, 891; Marvel Characters, Inc. v Simon, 310 F3d 280, 286 [2d Cir]), we note that the result is the same, because federal law, similar to New York's law of collateral estoppel, applies the doctrine of issue preclusion only where the same issue was "actually litigated and resolved in a valid court determination essential to the prior judgment" (Taylor v Sturgell, 553 US at 892 [internal quotation marks omitted]).