Harrison DGR44, LLC v Luiso 44 Harrison, LLC (2023 NY Slip Op 04659)

Harrison DGR44, LLC v Luiso 44 Harrison, LLC

2023 NY Slip Op 04659

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-00420
 (Index No. 61440/21)

[*1]Harrison DGR44, LLC, respondent, 
v
Luiso 44 Harrison, LLC, et al., defendants, Wilmington Savings Fund Society, FSB, etc., appellant.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for appellant.
Galgano Sharp, LLP, White Plains, NY (Eric R. Sharp of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Wilmington Savings Fund Society, FSB, appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated January 7, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Wilmington Savings Fund Society, FSB (hereinafter the defendant), pursuant to RPAPL article 15 to quiet title to certain real property located in Harrison (hereinafter the premises). The plaintiff alleged, inter alia, that Robert Luiso, now deceased, conveyed the premises to it by deed dated October 2, 2013. The plaintiff further alleged that, thereafter, Luiso fraudulently conveyed the premises to the defendant Luiso 44 Harrison, LLC (hereinafter Luiso 44), in which Luiso was the sole member, by deed dated June 27, 2016. The plaintiff alleged that Luiso subsequently defaulted on a mortgage loan. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against it. The defendant contended, among other things, that dismissal was warranted under the doctrines of res judicata and collateral estoppel because of a determination in a related foreclosure action that the defendant had commenced which concluded that Luiso 44 held title to the premises. In an order dated January 7, 2022, the Supreme Court denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1), (5), and (7) to [*2]dismiss the amended complaint insofar as asserted against it. The defendant appeals.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [internal quotation marks omitted]). "Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter" (id. at 651).
Under the doctrine of collateral estoppel, or issue preclusion, a party is precluded "from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Pouncy v Dudley, 27 AD3d 633, 634). The doctrine of collateral estoppel applies only to parties who were either a party, or in privity with a party, to a prior action or proceeding (see Pouncy v Dudley, 27 AD3d at 634).
Here, it is undisputed that the plaintiff was not a named party in the related foreclosure action, and, in fact, that the defendant had opposed a motion by the plaintiff to intervene in that action. The motion to intervene was denied by the Supreme Court in that foreclosure action. Since the defendant failed to demonstrate that the plaintiff was in privity with any of the defendants in the related foreclosure action (see Puryear v Hutchinson, 175 AD3d 521, 522), the court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it.
A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be "granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Stewart v Berger, 192 AD3d 940, 942). "The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded" (436 Franklin Realty, LLC v U.S. Bank N.A., 188 AD3d 960, 961 [internal quotation marks omitted]). Here, the documentary evidence submitted by the defendant showed that the deed conveying the premises to Luiso 44 was recorded on July 1, 2016, prior to September 18, 2018, the date on which the plaintiff recorded its deed to the premises. However, the documentary evidence failed to conclusively refute the plaintiff's allegation that Luiso 44 was not a good faith purchaser for value (see Stewart v Berger, 192 AD3d at 942). Thus, the Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the amended complaint insofar as asserted against it.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (SV Vernon 43, LLC v Malik, 138 AD3d 730, 731 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative" (Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849; see RPAPL 1515). Here, the amended [*3]complaint alleged that the plaintiff was in possession of the premises and that there exists a removable cloud on the premises in the form of a fraudulent deed dated June 27, 2016, and recorded on July 1, 2016, purporting to convey title to the premises from Luiso to Luiso 44. Thus, the amended complaint pleaded a viable cause of action to quiet title (see Nurse v Rios, 160 AD3d 888, 889). Accordingly, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted it was also properly denied.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court