Town of Riverhead v Kar-McVeigh, LLC (2024 NY Slip Op 03904)

Town of Riverhead v Kar-McVeigh, LLC

2024 NY Slip Op 03904

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04631
 (Index No. 617144/21)

[*1]Town of Riverhead, respondent, 
v
Kar-McVeigh, LLC, appellant, et al., defendant.

Ackerman, Pachman, Brown, Goldstein & Margolin LLP, East Hampton, NY (Linda U. Margolin of counsel), for appellant.
Smith, Finkelstein, Lundberg, Isler and Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott and Daniel P. Barker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant Kar-McVeigh, LLC, appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 4, 2022. The order, insofar as appealed from, granted the plaintiff's motion for a preliminary injunction and denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Kar-McVeigh, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Kar-McVeigh, LLC (hereinafter Kar-McVeigh), is the owner of a 3.9-acre lot located in the Town of Riverhead. The property is improved by a restaurant known as the Jamesport Manor Inn. It is undisputed that although the property is located within an agricultural protection district, the building's use as a restaurant is permitted as a nonconforming preexisting use.
In September 2021, the Town commenced this action against Kar-McVeigh and its principal, the defendant Matthew Kar, inter alia, for declaratory and injunctive relief. The Town alleged that the defendants violated the zoning code and created a public nuisance by hosting outdoor catered events in tents located on the property. The Town further alleged that such use was an expansion of a legal nonconforming use, requiring a special permit.
The Town moved for a preliminary injunction, and the defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated May 4, 2022, the Supreme Court, inter alia, granted the Town's motion for a preliminary injunction and denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kar-McVeigh. Kar-McVeigh appeals.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Harrison DGR44, LLC v Luiso 44 Harrison, LLC, [*2]219 AD3d 1413, 1414, quoting HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651; see Matter of Josey v Goord, 9 NY3d 386, 389).
"Under the doctrine of collateral estoppel, or issue preclusion, a party is precluded 'from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Harrison DGR44, LLC v Luiso 44 Harrison, LLC, 219 AD3d at 1414, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The doctrine applies only when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Rosa v Triborough Bridge & Tunnel Auth., 218 AD3d 810, 812 [internal quotation marks omitted]; see Simmons v Trans Express Inc., 37 NY3d 107, 112; Conason v Megan Holding, LLC, 25 NY3d 1, 17).
Here, the defendants failed to demonstrate the existence of a determination on the merits between the same parties, or those in privity with them, involving the same subject matter as the claims asserted in this action. Further, the defendants did not establish that the Town of Riverhead Zoning Board of Appeals (hereinafter the ZBA) in a 2004 determination actually decided the relevant issue, to wit, whether hosting outdoor catered events on the property would constitute an expansion of the preexisting nonconforming use. The ZBA's determination that catering is a type of restaurant use, which is a permitted use where restaurant use is permitted "in no way implies that the [owner] could thereafter change or expand such use in violation of applicable municipal regulations" (Matter of Andes v Zoning Bd. of Appeals of Town of Riverhead, 217 AD3d 671, 674; see Matter of Saladino v Fernan, 204 AD2d 554, 555). "'The protection of vested rights in a nonconforming structure, existing or in process of erection at the time of the imposition of zoning restrictions, does not extend to subsequent new construction'" (Andes v Zoning Bd. of Appeals of Town of Riverhead, 217 AD3d at 675, quoting Matter of Rogers v Department of Hous. & Bldgs. of City of N.Y., 5 AD2d 784, 785). To the extent the relevant issue was considered in connection with a hybrid CPLR article 78 proceeding and action commenced by Kar-McVeigh's neighbors to challenge the 2004 ZBA determination, determination of the relevant issue was "[not] necessary to support a valid . . . judgment on the merits" in that matter (Rosa v Triborough Bridge & Tunnel Auth., 218 AD3d at 812 [internal quotation marks omitted]). Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against Kar-McVeigh based on the doctrines of res judicata and collateral estoppel.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1181 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Moreover, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Tcharnyi v Mendez, 221 AD3d 930, 931 [internal quotation marks omitted]; see Rovello v Orofino Realty Co., 40 NY2d 633, 635; Perlov v Port Auth. of N.Y. & N.J., 189 AD3d 1624, 1626).
"A public nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568; Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 11). "A public nuisance is a violation against the State and is subject to abatement or prosecution by the proper governmental authority" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 292). Here, the complaint, as supplemented by the affidavits submitted by the Town, states a cognizable cause of action sounding in public nuisance (see Matter of Agoglia v Benepe, 84 AD3d 1072, 1077). Accordingly, the Supreme Court properly [*3]denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, sounding in public nuisance, insofar as asserted against Kar-McVeigh.
Kar-McVeigh's remaining contentions are without merit.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court